UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60487
_____


D.J. (BUD) WHITE,

                                        Plaintiff - Appellant,

                        versus

RUSH HEALTH SYSTEMS, INC., and its subsidiary; RUSH FOUNDATION
HOSPITAL; JAMES C. MCELROY, JR., President of Rush Health
Systems, Inc.; WALLACE STRICKLAND, Administrator, Rush
Foundation Hospital; TIMOTHY H. MOORE, Personnel Director,
Rush Foundation Hospital; DARRELL WILDMAN, Chief Financial
Officer, Rush Foundation Hospital; RICK BEASLEY, Material
Manager, Rush Foundation Hospital,

                                        Defendants - Appellees.


_____

        Appeal from the United States District Court for the
                Southern District of Mississippi
                       (4:94-CV-62-LN)
_____

                        May 9, 1996

Before GARWOOD, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     In this age discrimination case, appellant D.J. "Bud" White

appeals from a summary judgment granted in favor of appellee Rush

Health Systems, Inc. ("Rush") on the grounds that White failed to

make a prima facie case of constructive discharge.  We affirm.

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

White's lawsuit stems from events surrounding the computerization of Rush's purchasing department where White had been the purchasing agent. Following the decision to automate purchasing procedures, Rick Beasley, a thirty-seven year-old employee, was assigned to head the department. White retained his title, but Beasley had the responsibility for automation. As a result of the computerization, many of White's old duties became obsolete. White asserts that Beasley took over or reassigned all of White's job functions leaving him with essentially nothing to do. Despite the transfer of job responsibilities, it is undisputed that White suffered no decrease in pay, benefits, or hours of employment. His job title did not change. He was never asked to resign or retire. On March 15, 1994, White met with the personnel director who explained to White his job duties post-computerization. Nonetheless, two days later, White, who had been an employee of Rush for twenty-eight years, resigned at the age of sixty-five.

White then sued Rush[1] alleging that he was constructively discharged on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Rush moved for summary judgment on the basis that White failed to make a prima facie case of constructive discharge. The district court agreed; this appeal ensued.

---

[1] Rush also named several individual employees in the lawsuit. The district court dismissed the claim against the individual employees because they were not "employers" under the ADEA. White does not challenge this on appeal.

We review a summary judgment under well-established standards. Blakeney v. Lomas Info Sys., Inc., 65 F.3d 482, 484 (5th Cir. 1995); see Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n, 32 F.3d 964, 966 (5th Cir. 1994).

The district court properly denied White's ADEA claim because White failed to make a prima facie showing of constructive discharge. To establish a prima facie case of age discrimination, the plaintiff must initially establish that he was discharged. Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 992 (5th Cir. 1996) (en banc). Because White was not actually discharged, he must show constructive discharge. Constructive discharge occurs when the working conditions are so difficult or unpleasant that a reasonable person in the employee's shoes would feel compelled to retire. McCann v. Litton Sys., Inc., 986 F.2d 946, 951 (5th Cir. 1993).

White cannot make a prima facie showing of constructive discharge on the summary judgment evidence presented. Accepting White's testimony as true, at most, White can only demonstrate that his job functions were given to other employees.[2] It is undisputed that he retained his job title, salary, benefits, and hours. Consequently, none of the usual indicia of a constructive discharge are present. See McKethan v. Texas Farm Bureau, 996 F.2d 734, 741 (5th Cir. 1993) (describing demotion, performance of inconsistent or more onerous duties, and reduced pay as usual factors surrounding constructive discharge), cert. denied, 114 S. Ct. 694

_____

[2] Rush hotly contests this issue contending that White still retained significant job functions.

3

(1994). Being retained in a newly-created position "without a description and little in the way of job duties" does not reach the level of constructive discharge. See McCann, 986 F.2d at 949, 951-2; see also Jett v. Dallas Indep. Sch. Dist., 798 F.2d 748, 755 (5th Cir. 1986) (demotion of high school athletic director to a non-coaching position did not establish constructive discharge), aff'd in part and rev'd in part on other grounds, 491 U.S. 701 (1989); Jurgens v. EEOC, 903 F.2d 386, 392 (5th Cir. 1990) (demotion, plus a pay-cut, and loss of supervisory duties did not amount to constructive discharge).

White also fails to demonstrate any additional aggravating factors to implicate constructive discharge. He was not forced to train his new supervisor. There is no summary judgment evidence that White was harassed about his retirement plans. Likewise, there is no summary judgment evidence that White was humiliated by his supervisors.[3] Furthermore, White did not pursue internal grievance procedures that we have counseled is necessary before resignation for constructive discharge. See McKethan, 996 F.2d at 741; Ugalde v. W.A. McKenzie Asphalt Co., 990 F.2d 239, 243 (5th Cir. 1993). Finally, we note that when asked in his deposition why he retired White did not articulate a forced or constructive

---

[3] White's testimony is that he resigned because he had nothing to do. While one co-worker's affidavit includes a conclusory statement that Beasley "when possible, tried to put down and humiliate Mr. White," there is no summary judgment evidence that this was ever done in White's presence. As such, White could not have been influenced to resign by this alleged humiliation. See McKethan, 996 F.2d at 741 (holding that derogatory comments made at awards banquet in front of employee insufficient to show constructive discharge).

discharge, but instead stated that he anticipated someone would eventually "get up enough nerve to tell me to go home permanently" and indicated his belief that once he sued the company he could not continue to work there. Under the particular circumstances, no reasonable employee would have felt compelled to resign. See Barrow v. New Orleans Steamship Ass'n, 10 F.3d 292, 297 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.